The difficulty here is not so much as to the construction of the will of Mr. Buehler as it is in a determination of whether the real estate known as lot No. 86 in Blesch & Kremer’s subdivision was the separate property of Mrs. Buehler, or whether it was -a part of the estate of Mr. Buehler. If the former, then Charles F. Buehler, one of the seven children, would share equally with his brothers and sisters in said real estate as an estate descending from his mother, who died intestate. If it is a part of the estate of his father, then, under the will of his father, the said Charles would not share with the other. children in said lot No. 86. If, under the evidence, it can fairly be concluded that Mrs. Buehler owned this lot at the time of her decease, then, as I have stated, the court would favor such a finding. But if, on the other hand, such a finding can not fairly be reconciled with the evidence, then, regardless of the apparent hardship of the consequences, said property must be regarded as a part of the estate of Mr. Buehler, and the share therein of said Charles would be limited to the provisions of said will.
The petition prays for partition of certain real estate, and alleges that plaintiff, a son, and the defendants, his brothers *432 and sisters, and the issue of deceased brothers and sisters, have a legal right to and are seized in fee simple, each of the equal undivided one-seventh part as heirs at law of Ferdinand Buehler, their father, who died testate, in one acre of land therein described, and as heirs at law of Caroline Buehler, their mother, who died intestate, in said lot No. 86. And it is alleged that said Charles F. Buehler, one of the sons, is entitled to share equally with the other children, in the one acre under the will of his father, and in said lot No. 86, as one of the heirs at law of his said mother.
The answers and cross-petitions of some of the defendants deny that Mrs. Buehler owned said lot No. 86, and aver that the same was a part of the estate of said Ferdinand Buehler, deceased, and aver that under the will of said Ferdinand Buehler, the said Charles was devised an unequal portion of said one aere, and no more of his father’s estate.
The evidence shows that said Ferdinand Buehler had his life insured for about $2,500; that his wife, the said Caroline Buehler, was named as beneficiary in said policies of insurance; that after the death of her said husband, said insurance was paid to her as such beneficiary.
As before stated, said Ferdinand Buehler died testate. He gave his widow for life all his estate real and personal, with full power and authority to use the same during her life. The only real estate he owned was said one acre of land in the south end of the city; among the personal effects he bequeaths and attempts to bequeath are moneys, credits, securities and interests of all kinds, also household goods and chattels, “also the amount of life insurance due and payable to my estate after my death.” He had no life insurance other than that aforesaid in which his said wife was named as beneficiary. He directs that his widow do not sell any of his real estate. He describes said real estate as “being eight lots situated on the Moulder road (so-called), in Columbus, Ohio.” He provides— *433 of our children have become of lawful age. All of our children shall receive an equal share of my estate which is left after the death of my wife, with the exception of Carl Buehler, who shall not receive anything else but one lot above described.”
*432 “That after the death of my said wife each of our children shall receive as his or her own property one of the said lots, and in case of death of one or more of our children, their legal heirs shall be entitled thereto. No division of my estate shall be had until after the death of my said wife and not until all
*433 The evidence shows, and it is conceded, that Carl Buehler referred to in said item of the will is Charles F. Buehler, one of the testator’s sons. The evidence shows that said real estate was not during the life of testator, and has not since, been subdivided into lots, and it consists of one acre. Said will was executed in 1889. Said Caroline Buehler was named executrix in said will.
Shortly after the decease of said testator, and in August, 1889, said widow, Caroline Buehler, was duly appointed and qualified as executrix, and immediately entered upon her duties as such. She returned and charged herself as such executrix as part of the assets of said estate the money received by her from said policies of insurance on her husband’s life, and in which she was named as the beneficiary. In her account to the probate court she charged and accounted for said insurance money as part of said assets. She took $750 of said money and purchased á lot, being said lot No. 86 in question. -She caused to be erected thereon a dwelling house at a. cost of $1,639. In her said account of such executrix she credits herself as executrix, among other items, for the cost and expense of said lot and house. She also credits herself for taxes paid on said lot. She took the title to said lot No. 86 in her own name. She treats said insurance money in all respects as assets of her husband’s estate, and so accounted in her final account to the court in 1892, at which time her account was settled and a finding of a balance in her hands of $377.48 belonging to said estate. No exceptions were ever filed to her account, and it has now been over fourteen years since said estate was settled. Said widow and executrix died in 1898.
Was said lot No. 86 purchased with money belonging to the estate of said Ferdinand Buehler? If so, then said Caroline Buehler held the same in trust, and at her death it must go to the devisees named in testator’s will.
There is no question but that Mrs. Buehler had the right to dispose of said insurance money as she saw proper. It was hers *434 at the death of her husband, and he had no lawful right to ■consider it a part of his estate, nor to dispose of it by his will.
But, notwithstanding that, whatever the cause that actuated her to account for it as a part of the assets of her husband’s estate, the fact that she did so, and that the same was settled in the probate court as a 'part of his estate is, in my opinion, conclusive, and her heirs at law can not now, if at any time they ever could, question this act on her part.
There is no evidence that she regarded it as a part of her husband’s estate under the mistaken belief that it was in fact a part thereof. The natural presumption and inference is, that she did not so regard it, for the reason that she had the policies of insurance naming her therein as beneficiary, she presented them to the companies for payment, and the money was paid to her and receipted for by her, as it must have been, individually and not as executrix.
She had a perfect right to give this money to the.estate if she so desired. This was evidently her intention, and having done so and delivered and disposed of it as a part of said estate, such would not only be binding against herself, but also against her heirs at law. ■•
Suppose some person other than herself had been named and had qualified as executor, or, if she had declined to act, and an administrator with the will annexed had been appointed and qualified, and had performed and completed the duties as such, and said widow, after having receipted for and received the money for said insurance, had given it to the administrator to be by him accounted for as assets of her husband’s estate, and the administrator had charged himself with the money as a part of said estate, and after' paying all debts and claims, had filed his final account with the court, reciting said money as received by him and charged as a part of said estate, and after a hearing on said account, the court had approved and confirmed the same, made a finding of the balance in his hands and ordered it distributed, could the widow afterwards demand and recover from the administrator said money, or, if she was deceased, could her heirs at law recover it? I think not. The gift is consummated. The money is absorbed into that of the estate, and the account is settled by the court.
*435 The fact that she was the executrix and accounted for said money as a part of said estate, and settled the estate, could not affect this question any differently than if such had been done by another person as executor. She having invested a part.of this money in real estate in her own name, she is, by implication, a quasi trustee for those in remainder, and the interest of the devisees in the unconsumed property is a vested right which could not be destroyed by the act of the widow in taking the deed in her own name, or by disposing of the property, other than for the support or the benefit of the estate (Johnson v. Johnson, 51 O. S., 446.)
Aside from the above considerations, there is a rule of law that where a will assumes to give to one of its beneficiaries property of another person for whom provision is likewise made in the will, the latter can not take the provision made for him in the will, and also hold the property, but must elect which he will take (Huston v. Cone, 24 O. S., 11).
The will in question clearly assumed to dispose of said insurance money, the property of said widow, as beneficiary named in the policies of insurance, to certain of his children in remainder. It also gave to said widow and beneficiary the whole of his estate for life, both real and personal, with full power and authority to use the same. She took and used the property of said estate, and is assumed to have taken under the will, if she did not as a matter of fact formally do so, which does not appear. She could not take the provision made for her under the will and also hold the said insurance money which the will assumed to give to said beneficiaries in remainder. She must elect which she will take. If she desired to hold- the insurance, then she should have elected to take her dower estate under the law, and not elect to take under the will as a beneficiary.
The question as to what portion of' said one acre of land said Charles F. Buehler takes under his father’s will is simply a matter of ascertaining, if possible, the intention of said testator. As before stated, the land was not subdivided into eight lots at the time of executing said will, or at the time of his death. He may have contemplated subdividing it into eight lots, but he died without doing so. He has by his will made no dis *436 position as to one-eighth, of said one-acre lot. And while he has attempted to specify the proportion that said Charles shall take in said lot, he has not described it with definiteness sufficient to enable the court to determine it either as to location, quantity or value. And he having died intestate as to one-eighth thereof, the said Charles would inherit his portion of said one-eighth as heir at law of his father.
E. E. Tanner, for plaintiff.
Charles Aubert, for Charles F. Buehler, Sophia Buehler and Bertha Kochenderfer.
W. E. English, for Caroline Couch.
For this reason I can only conclude that said Charles will be entitled to the equal undivided one-seventh in said one-acre parcel of land. My finding, therefore, is: That said lot No. 86 was purchased by said widow, and the improvements thereon made by her with money belonging to the estate of said Ferdinand Buehler, deceased; that she held the same in trust, except the use thereof during her life, for the six children of said testator specified in said will in remainder; that said Charles F. Buehler is the Carl Buehler named in said will; that it was the intention of said testator, as therein expressed, that said Charles F. Buehler should not receive anything from said testator ’s estate other than a parcel of said one-acre lot. It is ordered that the children of said Ferdinand Buehler, other than said Charles F. Buehler, take the equal undivided one-sixth each in said lot No. 86. It is also ordered that the seven children of said Ferdinand Buehler, including said Charles F. Buehler, take the equal undivided one-seventh each in said one acre lot of which said Ferdinand Buehler died seized. The children of the sons and daughters of said testator who have died since the decease of said testator will take the shares respectively of said deceased parent in equal proportions, and a partition of said real estate is ordered.